IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATASHA MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-CV-1209 (GBL/IDD) |
| | ) |
| CONSERVATION INTERNATIONAL FOUNDATION, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants, Conservation International Foundation, Conservation International Foundation Health & Medical Plans, and Conservation International Foundation Disability Plans (collectively, "CI" or "Defendants"), by their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Complaint filed by the Plaintiff, Natasha Miller, and state as follows:

1. CI admits the allegations in Paragraph 1 of the Complaint.

2. CI is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint regarding Plaintiff's knowledge, and therefore denies the allegations therein. CI denies the allegation in Paragraph 2 of the Complaint that Plaintiff has not been furnished the documents to which she is entitled under ERISA.

3. CI states that the allegations in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, CI admits the allegations in Paragraph 3 of the Complaint.

4. CI denies the allegation in Paragraph 4 of the Complaint that Plaintiff's termination was "unlawful." CI avers that Plaintiff was a participant in CI's health and medical plan and CI's disability plans when Plaintiff was employed by CI, but denies that Plaintiff is currently a participant in these plans. CI admits all other allegations in Paragraph 4 of the Complaint.

5. CI admits the allegations in Paragraph 5 of the Complaint.

6. CI admits the allegations in Paragraph 6 of the Complaint.

7. CI admits the allegations in Paragraph 7 of the Complaint.

8. CI admits the allegations in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, CI admits that it inadvertently failed to provide Plaintiff with a hard copy of the plans' Summary Plan Descriptions within 90 days of her becoming a participant in the plans, though the Summary Plan Descriptions were available to Plaintiff on the company's intranet site and hard copies of these documents were ultimately provided to her. CI denies all other allegations in Paragraph 9 of the Complaint.

10. CI denies the allegation in Paragraph 10 of the Complaint that Plaintiff filed an application for disability benefits. CI admits the remaining allegations in Paragraph 10 of the Complaint.

11. CI admits the allegations in Paragraph 11 of the Complaint, but states that Plaintiff's employment was terminated for reasons completely unrelated to Plaintiff's gender or Plaintiff's sick leave, pregnancy, post partum depression, or any other medical condition of Plaintiff. Although the termination of Plaintiff for poor performance was communicated to Plaintiff on July 17, that termination had been in process at CI for nearly a month.

12. CI denies the allegations in Paragraph 12 of the Complaint, as CI did not cut off Plaintiff's access to the company's website, but merely cut off her access to the company's intranet site because it dismantled her network account.

13. CI denies the allegations in Paragraph 13 of the Complaint, as Plaintiff never submitted an application for disability benefits.

14. CI admits the allegations in Paragraph 14 of the Complaint.

15. CI denies the allegations in Paragraph 15 of the Complaint.

16. CI is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 of the Complaint, and therefore denies the allegations therein.

17. CI is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint, and therefore denies the allegations therein.

18. In response to the allegations in Paragraph 18 of the Complaint, CI admits that it received a letter from Plaintiff dated July 30, 2012, which speaks for itself. To the extent a response is nonetheless required, CI admits that the July 30, 2012 letter it received is accurately quoted in the Complaint.

19. CI admits the allegations in Paragraph 19 of the Complaint.

20. CI states that the allegations in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, CI admits the allegations in Paragraph 20 of the Complaint.

21. CI states that the allegations in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, CI admits it was obligated to provide to the Plaintiff, by no later than August 29, 2012, those documents requested in the July 30, 2012 letter which were identified with sufficient particularity (other

than documents related to any purported benefit claim or denial of any benefit claim or documents that do not exist), and that those documents had not been provided as of the date the Complaint was filed. CI further states that it has provided Plaintiff with all the documents and information she requested that CI is legally obligated to provide.

22. CI states the allegations in Paragraph 22 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, CI denies the allegations in Paragraph 22 of the Complaint with respect to documents not identified with sufficient particularity, documents related to a denial of any purported benefit claim and documents that do not exist. CI admits the remainder of the allegations in Paragraph 22 of the Complaint.

23. CI denies the allegations in Paragraph 23 of the Complaint. CI further states that Plaintiff has been provided with all documents and information she requested that CI is legally obligated to provide.

24. CI is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 24 of the Complaint, and therefore denies the allegations therein. CI further states that it has provided Plaintiff with all documents and information she requested that CI is legally obligated to provide.

25. CI denies the allegations in Paragraph 25 of the Complaint.

26. CI denies that Plaintiff is entitled to any of the relief requested in the "PRAYER FOR RELIEF" or "WHEREFORE" paragraphs of the Complaint.

27. Any of the allegations of the Complaint that are not expressly admitted in this Answer are hereby denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to identify the specific plans or each of the specific documents at issue with sufficient particularity.

2. Plaintiff is not entitled to the monetary or non-monetary relief she requests because Plaintiff received retroactive COBRA coverage from CI and therefore did not suffer some or all the damages she claims.

3. Plaintiff has failed to state a claim related to any request for documents related to any purported benefit claim or the denial of any benefit claim because Plaintiff never submitted an application for disability benefits. Accordingly, CI had no legal obligation to provide documents relating to this subject matter.

4. Plaintiff has failed to state a claim related to the request for "the Trust Agreement" because no such document exists.

5. Plaintiff has failed to state a claim related to the request for "All other documents under which the plan is established or is operated, including any manual with instructions or policies for deciding claims," because this request is vague and fails to identify the specific documents at issue with sufficient particularity.

6. Plaintiff has failed to state a claim related to the request for "All documents showing beginning and ending dates of my coverage and the reason coverage ended," because this request is vague and fails to identify the specific documents at issue with sufficient particularity.

7. Plaintiff has failed to state a claim related to the request for "All documents, records, comments, or other information regarding my application for coverage and/or claims for benefits and the plan's denial of that application and/or claim, including all information reviewed

or received by the Plan Administrator and/or the relevant health & medical insurance company or disability insurance company," because this request is vague and fails to identify the specific documents at issue with sufficient particularity.

8. Plaintiff has failed to state a claim related to the request for "relevant documents, records, or other information include everything that (1) was relied upon in making the benefit determination; (2) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether it was relied upon in making the benefit determination; or (3) demonstrates compliance with the administrative processes and safeguards . . .," because this request is vague and fails to identify the specific documents at issue with sufficient particularity.

9. Plaintiff has failed to state a claim related to any request for documents or information relating to denial of any purported benefit claims because the statutory provisions at issue do not authorize monetary sanctions for failure to provide information or documents relating to benefit claim denials.

10. Plaintiff is not entitled to any of the monetary or non-monetary relief she requests because CI did not act in bad faith.

11. Plaintiff is not entitled to any of the monetary or non-monetary relief she requests because CI has provided Plaintiff with all the documents she requested that CI is legally obligated to provide, and any delay in providing the requested documents to CI was not willful, but solely due to inadvertence, an oversight, and/or miscommunications.

12. Plaintiff is not entitled to any of the monetary or non-monetary relief she requests because Plaintiff was not adversely affected by, and did not suffer any prejudice or damage due

to, any delay by CI in providing documents or information or any other action or inaction of any of the Defendants.

13.     CI hereby gives notice that, in addition to the Affirmative Defenses set forth above, it reserves and intends to rely upon any and all such affirmative defenses, both legal and equitable, as may become available or apparent during the course of this case.  CI reserves its right to amend its Answer to include any and all such additional defenses.

Dated:  December 31, 2012              Respectfully submitted,

_____/s/_____
Charles V. Mehler III (#40182)
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC   20006-5403
202-420-3674 (phone)
202-379-9316 (fax)
MehlerC@dicksteinshapiro.com

*Attorneys for Defendants*
*Conservation International Foundation,*
*Conservation International Foundation Health & Medical Plans, and*
*Conservation International Foundation Disability Plans*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2012, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Sharon Fast Gustafson, Esq. (Va. Bar No. 32800)
>4041 N. 21st Street
>Arlington, VA 22207-3040
>Telephone: (703) 527-0147
>Facsimile: (703) 527-0582
>sf.gustafson@verizon.net
>
>*Attorney for Plaintiff Natasha Miller*

>    /s/ Charles V. Mehler III
>Charles V. Mehler III (Va. Bar #40182)
>Dickstein Shapiro LLP
>1825 Eye Street, NW
>Washington, DC 20006-5403
>202-420-3674 (phone)
>202-379-9316 (fax)
>MehlerC@dicksteinshapiro.com
>
>*Attorneys for Defendants*
>*Conservation International Foundation,*
>*Conservation International Foundation*
>  *Health & Medical Plans, and*
>*Conservation International Foundation*
>  *Disability Plans*